**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

| | |
|---|---|
| **In Re**: Renee Antonette Sheppard<br>Debtor(s)<br>_____/ | Chapter 13<br>Case No. 14-50718<br>Judge: Thomas J. Tucker |
| Renee Antonette Sheppard<br>Plaintiff<br><br>v.<br><br>Aaron T. Speck<br>Defendant<br>_____/ | Adv. Proc. No. |

**COMPLAINT TO AVOID TRANSFER AND RECOVER PROPERTY SEIZED**
**PURSUANT TO 11 U.S.C. § 522(g)-(h) & 11 U.S.C. § 547(b)**

The Plaintiff/Debtor come now, by and through counsel, and respectfully submit this Complaint to Avoid Transfer and Recover Property Seized by Defendant/Creditor Aaron T. Speck (herein "Creditor") pursuant to 11 U.S.C. § 522(g)-(h) & 11 U.S.C. § 547(b). In support of this Motion, Plaintiff(s) submit the following:

1. Plaintiff bring this complaint pursuant to 11 U.S.C. § 522(g)-(h) & 11 U.S.C. § 547(b), and submit themselves to jurisdiction of this Court through Federal Rule of Bankruptcy Procedure §7001 and §7004.

2. Plaintiff commenced the underlying bankruptcy case on June 26, 2014 by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code.

3. This court has jurisdiction over this Complaint, filed pursuant to 11 U.S.C. § 522(g)-(h) & 11 U.S.C. § 547 (b) to avoid and cancel a garnishment by Defendant on property of the Plaintiff. (Plaintiff's proposed Judgment is attached as Exhibit 1.)

4. A bankruptcy trustee may recover certain payments and other transfers made "to or for the benefit of a creditor" in the 90-day period leading up to a bankruptcy filing if the payment enables such creditors to receive more than they would receive under the Chapter 7 distribution pursuant to 11 U.S.C. § 547(b).

5. The bankruptcy code prevents recovery if "the aggregate value of all property that constitutes or is affected by such transfer is less than $600" pursuant to 11 U.S.C. § 547(c)(8).

6. An individual Debtor may apply his or her available exemptions to funds and assets recovered by the trustee so long as the transfer was not voluntary and the debtor did not conceal the asset. 11 U.S.C. § 522(g).

7. If the trustee does not bring an avoidance action, the Debtor may step into the Trustee's position and avoid the transfer to the extent he or she could have claimed the property as exempt. 11 U.S.C. § 522(h).

8. Plaintiff's bankruptcy trustee has not brought an avoidance action.

9. On 6/6/2014, $334.58 was withheld from Debtor's wages due to Creditor's garnishment order. On 6/20/2014, $342.40 was withheld from Debtor's wages due to Creditor's garnishment order. Both transfers were within 90 days prior to the commencement of this case. Debtor seeks return of the $676.98 that was taken from her wages, herein "Property." The amount of Property taken satisfies the threshold for Debtor to recover the Property. (Pay stubs evidencing the garnishment are attached as Exhibit 2.)

10. Plaintiff properly disclosed and exempted Property under part 21 of Schedules B & C of the petition. (Schedules B & C are attached as Exhibit 3.)

11. The garnishment of Plaintiff's above listed Property impairs exemptions to which the Plaintiff would be entitled under 11 U.S.C. § 522(b).

12. Plaintiff's counsel has contacted Defendant's attorneys prior to this Complaint seeking return of the Property to no avail.

**WHEREFORE,** Plaintiff prays for an order against Defendant Aaron T. Speck avoiding the above referenced transfer of property and an immediate return of the Property to Plaintiff and for such additional or alternative relief as may be just and proper.

Dated this Thursday, July 10, 2014.

*/s/ Brian P. Dunne P-71177*
*/s/ Michael G. Ardelean P-70212*
Ardelean & Dunne, PLLC
Attorneys for the Debtor(s)
24300 Southfield Road, Suite 308
Southfield, MI 48075
Phone: (248) 557-7488
Email: edmi@arddun.com

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION – DETROIT

**In Re**: Renee Antonette Sheppard　　　　　　　　　Chapter 13
　　　　　　　Debtor(s)　　　　　　　　　　　　　　Case No. 14-50718
　　　　　　　　　　　　　　　　　/　　　　　　　Judge: Thomas J. Tucker

Renee Antonette Sheppard
　　　　　　　Plaintiff(s)

　　　　　　　　　　　　　　　　　　　　　　　　Adv. Proc. No.

v.

Aaron T. Speck
　　　　　　　Defendant(s)
　　　　　　　　　　　　　　　　　/

## DEFAULT JUDGMENT
## AVOIDING TRANSFER AND RECOVERY OF PROPERTY SEIZED
## PURSUANT TO 11 U.S.C. § 522(g)-(h) & 11 U.S.C. § 547(b)

Upon the clerk's entry of Default, as to the extent of funds seized by Defendant(s) in the 90 days prior to Debtor's bankruptcy filing and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that:

The transfer of property to Defendant Aaron T. Speck is hereby avoided and Property in the amount of $676.98, for funds garnished within 90 days prior to filing of the petition, shall be sent to the office of Debtor's counsel within 30 days of this Judgment.

**EXHIBIT 1**

# USPS Employee Earnings Statement

**UNITED STATES POSTAL SERVICE**

| Employee: | RENEE A SHEPPARD | Pay Period: | 12-2014 | Net Pay |
| --- | --- | --- | --- | --- |
| Employee ID: | | Pay Date: | 06/06/14 | |
| Finance Number: | | Pay Loc: | Inclusive Dates: 05/17/14 - 05/30/14 | $ 818.90 |

| Pay Period | Week | RSC | Level | Step | Des Act | Salary Rate | Hours Code | Description | Hours | Amount Pay Period |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 12-14 | 1 | P | 06 | O | 110 | 55,574 | 02 | FMLA SICK LEAVE | 8.00 | .00 |
| 12-14 | 1 | P | 06 | O | 110 | 55,574 | 52 | WORK HOURS | 31.41 | 839.22 |
| 12-14 | 1 | P | 06 | O | 110 | 55,574 | 56 | SICK LEAVE | 8.00 | 213.75 |
| 12-14 | 1 | P | 06 | O | 110 | 55,574 | 59 | PARTIAL DAY LWOP HOURS | .59 | .00 |
| 12-14 | 1 | P | 06 | O | 110 | 55,574 | 72 | SUNDAY PREMIUM | 7.91 | 52.84 |
| 12-14 | 2 | P | 06 | O | 110 | 55,574 | 02 | FMLA SICK LEAVE | 2.00 | .00 |
| 12-14 | 2 | P | 06 | O | 110 | 55,574 | 52 | WORK HOURS | 22.03 | 588.60 |
| 12-14 | 2 | P | 06 | O | 110 | 55,574 | 53 | OVERTIME HOURS | 3.41 | 136.66 |
| 12-14 | 2 | P | 06 | O | 110 | 55,574 | 54 | NIGHT WORK PREM HOURS | 1.43 | 2.32 |
| 12-14 | 2 | P | 06 | O | 110 | 55,574 | 56 | SICK LEAVE | 2.00 | 53.44 |
| 12-14 | 2 | P | 06 | O | 110 | 55,574 | 57 | HOLIDAY WORK | 8.00 | 213.75 |
| 12-14 | 2 | P | 06 | O | 110 | 55,574 | 58 | HOLIDAY LEAVE | 8.00 | 213.75 |
| 12-14 | 2 | P | 06 | O | 110 | 55,574 | 59 | PARTIAL DAY LWOP HOURS | 1.97 | .00 |
| 12-14 | 2 | P | 06 | O | 110 | 55,574 | 70 | STEWARDS DUTY TIME | 2.30 | .00 |
| 12-14 | 2 | P | 06 | O | 110 | 55,574 | 72 | SUNDAY PREMIUM | 8.00 | 53.44 |
| 12-14 | 2 | P | 06 | O | 110 | 55,574 | 59 | PARTIAL DAY LWOP HOURS | 6.00 | .00 |
| 12-14 | 2 | P | 06 | O | 110 | 55,574 | 05 | FMLA PART DAY WOP | 6.00 | .00 |

| | Total Hours Gross Pay : | 2,367.77 |
| --- | --- | --- |
| | Total Adjustments Gross : | .00 |

***** To view detailed information on adjustments, click on the View Adjustments link ==> | View Adjustments

| Category: R 00 | Leave Leave Computation date: 05/27/95 Annual Leave (AL) | | Additional Pay / Other Compensation | Amount Pay Period | YTD |
| --- | --- | --- | --- | --- | --- |
| AL Prior Year Balance | - 13.13 | | | | |
| AL Maximum Carryover | 440.00 | | | | |
| AL Carried over from Prior Year | - 13.13 | | | | |
| + AL Earned YTD | 72.00 | | Total Additional Pay / Other | .00 | .00 |
| + AL Holiday Earned YTD | .00 | | | | |

Exhibit 2

| | | | |
|---|---|---|---|
| - AL Used YTD | 194.63 | Compensation : | | |
| = Earned Annual Leave Balance | - 135.76 | | | |
| + AL Advanced YTD | 128.00 | Total Gross Pay : | $ 2,367.77 | $ 25,930.16 |
| = Available AL Balance | - 7.76 | | | |
| AL Used this Pay Period | .00 | | | |

Sick Leave (SL)

| | | | Amount | |
|---|---|---|---|---|
| Category: 4.00 | | Deductions | Pay Period | YTD |
| SL Prior Year Balance | .00 | Retirement: FERS - Ret-FICA Code 8 | 15.27 | 172.59 |
| + SL Earned YTD | 36.00 | Social Security | 142.65 | 1,558.95 |
| - SL Used YTD | 32.00 | Medicare | 33.36 | 364.59 |
| = Current SL Balance | 4.00 | Federal Tax: S 01 | 343.63 | 3,869.46 |
| SL Used this Pay Period | 10.00 | Health Plan Pre-tax: (Self only) LX1 Bluecare Network of MI | 66.94 | 785.86 |

Other Leave

Leave Without Pay (LWOP)

| | | | | |
|---|---|---|---|---|
| Pay Period LWOP | 8.56 | State Tax: MI S 02 | 82.58 | 923.97 |
| Calendar LWOP YTD | 152.57 | Other Agency Indebtedness | 245.00 | 428.94 |
| Leave Increment LWOP | 48.56 | **Garnishment** | **334.58** | **334.58** |

Retirement

| | | | | | |
|---|---|---|---|---|---|
| YTD: | 172.59 | Total: | 5,947.62 | Optional Insurance: A | 1.40 | 15.40 |

FERS USPS Thrift Contributions

| | | | | | |
|---|---|---|---|---|---|
| PP 1%: | 19.09 | YTD USPS 1%: | 215.71 | Optional Insurance: B 3 | 21.84 | 240.24 |
| PP Match: | 76.35 | YTD Matching: | 76.35 | Optional Insurance: C 1 | .94 | 10.34 |

Insurance Income

| | | | | |
|---|---|---|---|---|
| Pay Period: | | YTD: | Thrift Savings Plan (TSP): $ - (Regular) | 50.00 | 50.00 |

Earnings Statement Messages

| | | |
|---|---|---|
| Thrift Savings Plan (TSP): $ - (Roth) | 50.00 | 50.00 |
| Union Dues: W | 50.37 | 705.83 |
| Charity: 0452 | 27.00 | 297.00 |
| Allotment | 83.31 | 916.41 |
| Insurance: VBP | .00 | 37.94 |
| Garnishment | .00 | 405.85 |
| Tax Levy | .00 | 553.50 |

| | | |
|---|---|---|
| Total Current Pay Period Deductions : | 1,548.87 | |
| Total Adjustments Deductions : | .00 | |
| Total Deductions : | $ 1,548.87 | $ 11,721.45 |
| Net Pay (Net To Bank): | $ 818.90 | $ 14,208.71 |

*Restricted Information / Confidential*

| | | | | | USPS Employee Earnings Statement | | | UNITED STATES POSTAL SERVICE | |
|---|---|---|---|---|---|---|---|---|---|
| Employee: | | RENEE A SHEPPARD | | | | Pay Period: | 13-2014 | Net Pay | |
| Employee ID: | | | | | | Pay Date: | 06/20/14 | | |
| Finance Number: | | | Pay Loc: | | | Inclusive Dates: | 05/31/14 - 06/13/14 | $ 842.37 | |

| Pay Period | Week | RSC | Level | Step | Des Act | Salary Rate | Hours Code | Description | Hours | Amount Pay Period |
|---|---|---|---|---|---|---|---|---|---|---|
| 13-14 | 1 | P | 06 | O | 110 | 55,574 | 52 | WORK HOURS | 40.00 | 1,068.73 |
| 13-14 | 1 | P | 06 | O | 110 | 55,574 | 53 | OVERTIME HOURS | 6.30 | 252.49 |
| 13-14 | 1 | P | 06 | O | 110 | 55,574 | 54 | NIGHT WORK PREM HOURS | 2.84 | 4.60 |
| 13-14 | 1 | P | 06 | O | 110 | 55,574 | 72 | SUNDAY PREMIUM | 8.00 | 53.44 |
| 13-14 | 1 | | | | | | | FLSA | | 3.95 |
| 13-14 | 2 | P | 06 | O | 110 | 55,574 | 02 | FMLA SICK LEAVE | 4.00 | .00 |
| 13-14 | 2 | P | 06 | O | 110 | 55,574 | 52 | WORK HOURS | 32.00 | 854.99 |
| 13-14 | 2 | P | 06 | O | 110 | 55,574 | 53 | OVERTIME HOURS | 2.00 | 80.15 |
| 13-14 | 2 | P | 06 | O | 110 | 55,574 | 54 | NIGHT WORK PREM HOURS | 1.50 | 2.43 |
| 13-14 | 2 | P | 06 | O | 110 | 55,574 | 56 | SICK LEAVE | 4.00 | 106.87 |
| 13-14 | 2 | P | 06 | O | 110 | 55,574 | 59 | PARTIAL DAY LWOP HOURS | 4.00 | .00 |
| 13-14 | 2 | P | 06 | O | 110 | 55,574 | 05 | FMLA PART DAY WOP | 4.00 | .00 |

| | | |
|---|---|---|
| | Total Hours Gross Pay : | 2,427.65 |
| | Total Adjustments Gross : | .00 |

***** To view detailed information on adjustments, click on the View Adjustments link ==>    View Adjustments

Leave
Category: Leave Computation date: 05/27/95
8.00
Annual Leave (AL)
AL Prior Year Balance        - 13.13
AL Maximum Carryover         440.00
AL Carried over from Prior Year   - 13.13
+ AL Earned YTD              80.00
+ AL Holiday Earned YTD      .00
- AL Used YTD                194.63
= Earned Annual Leave Balance   - 127.76
+ AL Advanced YTD            120.00
= Available AL Balance       - 7.76
AL Used this Pay Period      .00
Sick Leave (SL)
Category: 4.00
SL Prior Year Balance        .00

| Additional Pay / Other Compensation | Amount | |
|---|---|---|
| | Pay Period | YTD |
| Total Additional Pay / Other Compensation : | .00 | .00 |
| Total Gross Pay : | $ 2,427.65 | $ 28,357.81 |
| Deductions | Amount | |
| | Pay Period | YTD |
| Retirement: FERS - | 16.24 | 188.83 |

| | | | | | |
|---|---|---|---|---|---|
| + SL Earned YTD | | 40.00 | Ret-FICA Code 8 | | |
| - SL Used YTD | | 36.00 | Social Security | 146.36 | 1,705.31 |
| = Current SL Balance | | 4.00 | Medicare | 34.23 | 398.82 |
| SL Used this Pay Period | | 4.00 | Federal Tax: S 01 | 358.60 | 4,228.06 |
| Other Leave | | | Health Plan Pre-tax: (Self only) LX1 Bluecare Network of MI | 66.94 | 852.80 |
| Leave Without Pay (LWOP) | | | | | |
| Pay Period LWOP | | 4.00 | State Tax: MI S 02 | 85.13 | 1,009.10 |
| Calendar LWOP YTD | | 156.57 | Other Agency Indebtedness | 250.52 | 679.46 |
| Leave Increment LWOP | | 52.56 | | | |
| Retirement | | | Garnishment | 342.40 | 676.98 |
| YTD: | 188.83 Total: | 5,947.62 | Optional Insurance: A | 1.40 | 16.80 |
| FERS USPS Thrift Contributions | | | Optional Insurance: B 3 | 21.84 | 262.08 |
| PP 1%: | 20.31 YTD USPS 1%: | 236.02 | | | |
| PP Match: | 80.46 YTD Matching: | 156.81 | Optional Insurance: C 1 | .94 | 11.28 |
| Insurance Income | | | | | |
| Pay Period: | YTD: | | Thrift Savings Plan (TSP): $ - (Regular) | 50.00 | 100.00 |
| Earnings Statement Messages | | | | | |
| | | | Thrift Savings Plan (TSP): $ - (Roth) | 50.00 | 100.00 |
| | | | Union Dues: W | 50.37 | 756.20 |
| | | | Charity: 0452 | 27.00 | 324.00 |
| | | | Allotment | 83.31 | 999.72 |
| | | | Insurance: VBP | .00 | 37.94 |
| | | | Garnishment | .00 | 405.85 |
| | | | Tax Levy | .00 | 553.50 |
| | | | | | |
| | | | Total Current Pay Period Deductions: | 1,585.28 | |
| | | | Total Adjustments Deductions: | .00 | |
| | | | Total Deductions: | $ 1,585.28 | $ 13,306.73 |
| | | | Net Pay (Net To Bank): | $ 842.37 | $ 15,051.08 |

*Restricted Information / Confidential*

In re **Renee Antonette Sheppard**, Case No. _____
                        Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**
If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

|   | Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash on Hand.** | - | **50.00** |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account with - Chase Bank.** | - | **10.00** |
|   |  | | **Savings Account with - Chase Bank.** | - | **5.00** |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | | **Security Deposit with former landlord - Aaron Speck.** **Aaron Speck setoff deposit amount and Debtor sued to recover.** | - | **1,620.00** |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Household goods: TV, VCR, stereo, computer, sofa, vacuum, table, chairs, lamps, entertainment center, bedroom sets, washer/dryer, stove, refrigerator, microwave, pots/pans, dishes/flatware, household tools.** | - | **1,000.00** |
|   |  | | **Electronics - Secured by Purchasing Power.** | - | **2,000.00** |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Books, Magazines, Compact Discs, Tapes/Records, DVDs, Family Pictures.** | - | **200.00** |
| 6. | Wearing apparel. | | **Necessary wearing apparel.** | - | **500.00** |
| 7. | Furs and jewelry. | | **Watch, costume jewelry, earrings, rings.** | - | **20.00** |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Life Insurance - No Cash Surrender Value.** | - | **0.00** |
|   |  | | **Disability Insurance - No Cash Surrender Value.** | - | **0.00** |

Sub-Total > **5,405.00**
(Total of this page)

__3__ continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re **Renee Antonette Sheppard**, Case No. _____
                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Federal Employees Retirement System (FERS).** | - | **6,496.86** |
| | | **Thrift Savings Plan.** | - | **1,065.60** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

                                                                        Sub-Total >    **7,562.46**
                                                                       (Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

**Exhibit 3**

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re **Renee Antonette Sheppard**, Case No. _____
                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Funds garnished in 90 days before filing by creditor Aaron Speck.** | - | 676.98 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2013 Ford Focus - Joint with daughter** | - | 16,525.00 |
| | | **1999 Oldsmobile Aurora (Over 150,000 Miles)** | - | 625.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

Sub-Total > **17,826.98**
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

**Exhibit 3**

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                                                                            Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re **Renee Antonette Sheppard**, Case No. _____
                                          Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | |
|---|---|
| Sub-Total > (Total of this page) | **0.00** |
| Total > | **30,794.44** |

Sheet **3** of **3** continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/13)

In re **Renee Antonette Sheppard** , Case No. _____
                                   Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:  ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)  $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
■ 11 U.S.C. §522(b)(2)  *with respect to cases commenced on or after the date of adjustment.)*
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Cash on Hand** | | | |
| Cash on Hand. | 11 U.S.C. § 522(d)(5) | 50.00 | 50.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Checking Account with - Chase Bank. | 11 U.S.C. § 522(d)(5) | 10.00 | 10.00 |
| Savings Account with - Chase Bank. | 11 U.S.C. § 522(d)(5) | 5.00 | 5.00 |
| **Security Deposits with Utilities, Landlords, and Others** | | | |
| Security Deposit with former landlord - Aaron Speck. Aaron Speck setoff deposit amount and Debtor sued to recover. | 11 U.S.C. § 522(d)(5) | 1,620.00 | 1,620.00 |
| **Household Goods and Furnishings** | | | |
| Household goods: TV, VCR, stereo, computer, sofa, vacuum, table, chairs, lamps, entertainment center, bedroom sets, washer/dryer, stove, refrigerator, microwave, pots/pans, dishes/flatware, household tools. | 11 U.S.C. § 522(d)(3) | 1,000.00 | 1,000.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| Books, Magazines, Compact Discs, Tapes/Records, DVDs, Family Pictures. | 11 U.S.C. § 522(d)(3) | 200.00 | 200.00 |
| **Wearing Apparel** | | | |
| Necessary wearing apparel. | 11 U.S.C. § 522(d)(3) | 500.00 | 500.00 |
| **Furs and Jewelry** | | | |
| Watch, costume jewelry, earrings, rings. | 11 U.S.C. § 522(d)(4) | 20.00 | 20.00 |
| **Interests in Insurance Policies** | | | |
| Term Life Insurance - No Cash Surrender Value. | 11 U.S.C. § 522(d)(7) | 0.00 | 0.00 |
| Disability Insurance - No Cash Surrender Value. | 11 U.S.C. § 522(d)(10)(C) | 0.00 | 0.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| Federal Employees Retirement System (FERS). | 11 U.S.C. § 522(d)(10)(E) | 6,496.86 | 6,496.86 |
| Thrift Savings Plan. | 11 U.S.C. § 522(d)(12) | 1,065.60 | 1,065.60 |
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| Funds garnished in 90 days before filing by creditor Aaron Speck. | 11 U.S.C. § 522(d)(5) | 676.98 | 676.98 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 2013 Ford Focus - Joint with daughter | 11 U.S.C. § 522(d)(5) | 251.00 | 16,525.00 |
| 1999 Oldsmobile Aurora (Over 150,000 Miles) | 11 U.S.C. § 522(d)(2) | 625.00 | 625.00 |
| | **Exhibit 3** Total: | **12,520.44** | **28,794.44** |

___0___ continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com    Best Case Bankruptcy