UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 14-50718

RENEE ANTONETTE SHEPPARD,  Chapter 13

               Debtor.  Judge Thomas J. Tucker
_____/

RENEE ANTONETTE SHEPPARD,

               Plaintiff,

v.  Adv. Pro. No. 14-4695

AARON T. SPECK,

               Defendant.
_____/

**OPINION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

    Defendant is a judgment creditor of Plaintiff. In this adversary proceeding, Plaintiff seeks to avoid as a preference and recover from Defendant prepetition transfers totaling $676.98. This amount was withheld from Plaintiff's wages as a result of a garnishment Defendant served on Plaintiff's employer within the 90-day period immediately before Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Plaintiff's employer paid to Defendant $596.98 of the $676.98 deducted from Debtor's wages, and the employer retained $80.00 as a fee for processing the garnishment.

    This adversary proceeding is before the Court on Plaintiff's motion for summary judgment (Docket # 6, the "Motion"). The Defendant filed an objection to the Motion (Docket # 10), in which Defendant requests summary judgment in his favor. The Court concludes that a

hearing on the Motion is not necessary, and that Plaintiff's summary judgment motion should be granted, in part. For the following reasons, the Court concludes that Plaintiff is entitled to avoid and recover from Defendant the $596.98 that Defendant actually received from the garnished wages, but not the $80.00 withheld and retained by Plaintiff's employer.

## II. Jurisdiction

This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a)(E.D. Mich.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(F). This proceeding also is "core" because it falls within the definition of a proceeding "arising under title 11" and of a proceeding "arising in" a case under title 11, within the meaning of 28 U.S.C. § 1334(b). Matters falling within either of these categories in § 1334(b) are deemed to be core proceedings. *See Allard v. Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009). This is a proceeding "arising under title 11" because it is "created or determined by a statutory provision of title 11," *id.*, namely, the Bankruptcy Code sections discussed below. And this matter is a proceeding "arising in" a case under title 11, because it is a proceeding that "by [its] very nature, could arise only in bankruptcy cases." *Id.*

## III. Facts

The material facts are undisputed. On June 26, 2014, Plaintiff, whose debts are primarily consumer debts, filed a voluntary Chapter 13 petition and among other items, Schedules A-J. Defendant is a judgment creditor of Plaintiff. Pre-petition, during the 90-day period immediately before Plaintiff filed her Chapter 13 petition, Defendant served a garnishment on Plaintiff's employer, the United States Postal Service. On June 6, 2014, the employer deducted $334.58

2

from Plaintiff's wages as a result of the garnishment. Plaintiff's employer then issued a check in the amount of $254.58 to Defendant, and retained $80.00 as a fee for processing the garnishment. On June 20, 2014, Plaintiff's employer withheld $342.40 from Plaintiff's wages, and then issued a check to Defendant in the amount of $342.40. As a result of the garnishment, a total of $676.98 was withheld from Plaintiff's wages, but Defendant only received $596.98.

On Plaintiff's Schedule C, Plaintiff claimed as exempt "[f]unds [in the amount of $676.98] garnished in 90 days before filing by creditor Aaron Speck [(Defendant)]" under 11 U.S.C. § 522(d)(5).[1] The Chapter 13 Trustee has not filed an adversary proceeding to recover any of the garnished funds.

## IV. Discussion

### A. The relevant statutory provisions

In Plaintiff's motion for summary judgment, Plaintiff seeks avoidance and recovery from Defendant of the entire amount that was deducted from her wages ($676.98) as a result of the garnishment, under 11 U.S.C. §§ 522(g)-(h), 547(b), and 550(a)(1). Section 522(h) provides:

> (h) The **debtor** may avoid a transfer of property of the debtor or recover a setoff **to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if--**
>
> **(1) such transfer is avoidable by the trustee under section** 544, 545, **547**, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
>
> **(2) the trustee does not attempt to avoid such transfer.**

---

[1] Schedule C (Docket # 1 in Case No. 14-50718, at pdf p.11).

3

11 U.S.C. § 522(h) (emphasis added).

Section 522(g)(1) provides:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, **550**, 551, or 553 of this title, **to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if--**

**(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and**

**(B) the debtor did not conceal such property**; or

(2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

11 U.S.C. § 522(g)(1) (emphasis added).

Section 547(b) provides:

(b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property--

**(1) to or for the benefit of a creditor**;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made--

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

4

> (5) that enables such creditor to receive more than such creditor would receive if--
>
>> (A) the case were a case under chapter 7 of this title;
>>
>> (B) the transfer had not been made; and
>>
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b) (emphasis added).

Even if all of the elements for avoidance of a preference under § 547(b) are satisfied, the transfer still cannot be avoided if one of the defenses to avoidance under § 547(c) applies.

Section 550(a) governs the recovery of a transfer which has been avoided as a preference under § 547(b). It provides:

> (a) Except as otherwise provided in this section, **to the extent that a transfer is avoided under section** 544, 545, **547**, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from--
>
>> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>>
>> (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a) (emphasis added).

### B. The parties' positions

Plaintiff argues that the entire $676.98 deducted from her wages can be avoided and recovered from Defendant, because $596.98 was transferred to the Defendant, and $80.00,

though not transferred to Defendant, was "for the benefit of" Defendant, within the meaning of § 547(b). Therefore, according to Plaintiff, the entire amount was "to or for the benefit of" Defendant as required by § 547(b)(1). Plaintiff argues further that because $676.98 is greater than $600.00, the defense to preference avoidance under 11 U.S.C. § 547(c)(8) is not available to Defendant.[2]

Defendant argues that Plaintiff cannot recover as a preferential transfer, the total amount withheld from Plaintiff's wages as a result of the garnishment ($676.98), because only $596.98 was actually transferred to him, and the remaining $80.00 was transferred to Plaintiff's employer and was "for the benefit of" the employer, not Defendant, within the meaning of § 547(b). Defendant does not deny that the elements for avoidance of a preference under § 547(b) have been satisfied, with respect to the $596.98 that was transferred to him within the 90 days immediately preceding the filing of Plaintiff's bankruptcy. But Defendant argues that because less than $600.00 was transferred to him, such transfer cannot be avoided, because of 11 U.S.C. § 547(c)(8).

### C. The Court's decision

The parties' respective positions raise two issues: (1) whether the transfer of $80.00 to the Plaintiff's employer was "for the benefit of" Defendant within the meaning of § 547(b); and (2) whether Defendant is entitled to rely on the defense to preference avoidance provided by § 547(c)(8).

**1. The meaning of "for the benefit of" under Section 547(b)(1)**

The Court agrees with Defendant, that the transfer of $80.00 to the Plaintiff's employer

---

[2] The text of § 547(c)(8) is quoted *infra* in Part IV.C.2 of this opinion.

was neither "to" nor "for the benefit of" Defendant within the meaning of § 547(b)(1). In order for a transfer to be "for the benefit of" a particular creditor within the meaning of § 547(b)(1), *the Debtor* must have intended the transfer to benefit that creditor. *See generally Shapiro v. Art Leather, Inc.* (*In re Connolly North America, LLC*), 340 B.R. 829, 833, 835 (Bankr. E.D. Mich. 2006)(finding the language in §§ 547(b)(1) ("for the benefit of") and 550(a)(1) ("the entity for whose benefit such transfer was made,") similar, and holding that in order to recover a transfer under § 550(a)(1) from a creditor under the theory that it was "the entity for whose benefit such transfer was made," the trustee must demonstrate that the debtor intended to benefit that creditor); *Danning v. Miller* (*In re Bullion Reserve of North America*), 922 F.2d 544, 547 (9th Cir. 1991)(citation omitted)("'Th[e] phraseology ["the entity for whose benefit such transfer was made" under § 550(a)(1)] implies a requirement that, in transferring the avoided funds, the debtor must have been motivated by an intent to benefit the individual or entity from whom the trustee seeks to recover. It is not enough that an entity benefit from the transfer; the transfer must have been made for his benefit.'").

In the case of an involuntary transfer, such as in this case, where funds were transferred as a result of a garnishment, *the debtor* cannot be found to have intended to benefit the creditor, or to have had any intent. As a result, the only amount of the garnished wages that Plaintiff can avoid as a preference is the amount that was actually transferred to Defendant ($596.98). The $80.00 that was retained by Plaintiff's employer was not a transfer "to or for the benefit of" Defendant, under 11 U.S.C. § 547(b)(1).

### 2. Defendant's purported defense under § 547(c)(8)

The Court agrees with Plaintiff to the extent that § 548(c)(8) is not a defense to the

avoidance of the $596.98 transfer to the Defendant. Section 547(c)(8) states that "[t]he trustee may not avoid under this section a transfer . . . if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes **or is affected by such transfer** is less than $600[.]" 11 U.S.C. § 547(c)(8) (emphasis added). The aggregate value of all the property that "constitutes or is affected by" the transfer of $596.98 to Defendant is $676.98. For purposes of § 548(c)(8), the $80.00 fee charged by the employer must be added to the $596.98 transferred to the Defendant, because such $80.00 charge against Debtor's wages was the result of, and thus was **affected by**, the $596.98 transfer to Defendant. Defendant's § 547(c)(8) defense therefore fails.

## V. Conclusion

Because the Plaintiff has established all of the elements for avoiding a preference under § 547, with respect to the $596.98 transfer to Defendant, and § 548(c)(8) does not provide Defendant with a defense to avoidance, Plaintiff is entitled to a judgment avoiding the $596.98 transfer under § 547(b), and Plaintiff is entitled to recover $596.98 from Defendant under § 550(a)(1). The Court will enter judgment accordingly.

**Signed on November 6, 2014**                     /s/ Thomas J. Tucker
                                                   **Thomas J. Tucker**
                                                   **United States Bankruptcy Judge**